**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARCIA DEWEY and COREY DEWEY,

      Plaintiffs,

      v.

K SPLIT LOGISTICS LLC; AKINTADE O
KAYODE; JAUNOT L. NELSON; FAT AND
BROKE, INC. d/b/a Gamer Logistics;
FLASH TRUCK LINES CORPORATION d/b/a
National Brokers; and FALCON MOVE,
LLC,

      Defendants.

No. 21 C 3505

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

In a prior opinion, the Court found that Defendant Fat and Broke, Inc. (doing business as Gamer Logistics) ("Gamer"), is not a "statutory employer" under the Federal Motor Carrier Safety Act and its implementing regulations ("FMCSA"). Plaintiffs have moved for reconsideration. That motion is denied.

According to Plaintiffs, the Court found that Gamer is not a statutory employer because "Gamer did not obtain a written lease." R. 271 at 2. Also, according to Plaintiffs, Gamer was required "to obtain a written lease giving it control of and responsibility for the truck," because "Gamer agreed to transport the cargo as a motor carrier." *Id.* at 1-2. Thus, Plaintiffs argue, the Court's finding in Gamer's favor "rewards Gamer for violating the very law Congress enacted," *see* R. 271 at 2, by allowing it to escape liability based on the fact that it failed to fulfill the obligation

that would have established its liability—i.e., obtain a lease from the actual owner of the truck involved in the accident.

This argument fundamentally misconstrues the Court's prior decision. The Court did not simply find that Gamer failed to make a lease it was under a legal obligation to arrange. To the contrary, the Court's finding that Gamer did not "use" the truck involved in that accident meant that Gamer was not under any legal obligation to lease the truck.

Plaintiffs' argument is also based in a misunderstanding of the purpose of "statutory employer" liability under the FMCSA. Congress imposed "statutory employer" liability *because* motor carriers were leasing trucks *in order to avoid* liability. Whereas under traditional principles of tort law, a motor carrier business that owned trucks and employed people to drive those trucks was subject to liability under respondeat superior when a driver crashed the truck, a motor carrier business that leased trucks and contracted with people to drive the trucks was *not* liable for their conduct driving the trucks. Congress decided this was unfair to people injured in truck accidents, and imposed liability on motor carriers who leased their trucks and contracted with their drivers equal to that of truck owners and employers under respondeat superior. In other words, Congress did not extend liability to "statutory employers" by *requiring* them to lease trucks. Rather, Congress imposed liability on motor carriers who had otherwise avoided liability *by* leasing trucks.

With this understanding, it makes little sense for Plaintiffs to argue that Gamer avoided liability by *failing* to lease the truck involved in the accident. This is

because, for the reasons just discussed, the lease is not the foundation of statutory employer liability. Rather, according to the express terms of the statute, liability for "statutory employers" arises for motor carriers who are "providing transportation" by the "use" of trucks they don't own to "transport property under an *arrangement* with another party." 49 U.S.C. § 14102 (emphasis added). Along with this potential liability is what Plaintiffs refer to as the "Control Regulation," which is the statutory requirement that "the arrangement with another party" require the motor carrier who doesn't own the truck to nevertheless "have control of and be responsible for operating those motor vehicles in compliance with requirements prescribed by the Secretary." 49 U.S.C. § 14102(a)(4). The Secretary's "requirements," are expressed in the implementing regulations which explain that a "lease" is likely the type of "arrangement" contemplated by the statute. *See* 49 C.F.R. § 376.22 (setting forth the "conditions" under which "an authorized carrier may lease equipment to or from another authorized carrier"). And the regulations provide further that a motor carrier who "leases a commercial motor vehicle in connection with" interstate trucking will be liable for the driver's torts as if the driver was the motor carrier's employee. *See* 49 C.F.R. § 390.5.

In other words, liability for a truck accident does not arise based on whether the motor carrier signed a written lease. Any "arrangement" is sufficient under the statute and its regulations. And it is likely appropriate to impose liability even if the motor carrier failed to make the proper express arrangements in the form of a lease, which is what Plaintiffs argue Gamer failed to do here. As Plaintiffs argue, motor

3

carriers should not be able to evade liability because they failed to fulfill the obligations regarding the appropriate "arrangements" imposed on them by the statute. On that there is no disagreement.

But that argument is beside the point with regard to whether Gamer can be liable in this case. The Court's finding that Gamer cannot be liable here is not based on Gamer's failure to acquire a lease or make the arrangements required by the FMCSA. Rather, the Court found that Gamer was not the type of motor carrier covered by the statute such that it was required to make a lease or other arrangements with the owner and driver of the truck in this case. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502, 507 (7th Cir. 2009) ("[T]he crucial inquiry is in what capacity [the motor carrier] was acting during the transaction.").

As discussed above, the statute applies to "motor carriers" who are "providing transportation" by the "use" of trucks they don't own to "transport property under an arrangement with another party." 49 U.S.C. § 14102. As is relevant here, "motor carrier" is defined as "for-hire motor carrier" who is "engaged in the transportation of goods." 49 C.F.R. § 390.5. And "transportation" is defined to include either (A) "a motor vehicle . . . related to the movement of . . . property"; or (B) "services related to that movement." 49 U.S.C. § 13102(23).

Here, Gamer was not involved in "transportation" for purposes of the statute. Regarding provision (A) of the definition of "transportation," Gamer "did not engage in the actual movement" of the cargo because it was not "responsible for supplying

4

the truck, driver, and associated equipment for the movement of the cargo." *Camp*, 553 F.3d at 507.

Furthermore, regarding provision (B), Gamer also did not provide "services related to the movement." As discussed in the Court's prior opinion, Gamer agreed with the cargo's owner to transport it to a certain location. But Gamer then contracted with an entity called National Brokers to make the logistical arrangements. National Brokers then contracted with an entity called Falcon Move, which then dispatched the cargo to an entity called K Split, in conjunction with its owner Kayode Akintade and the driver Jaunot Nelson. *See* R. 259 at 2. (All of these entities are or were Defendants in this case.) In *Camp*, the Seventh Circuit held that such "logistics services" provided to the entity requesting transport of the cargo are not "services related to the movement" and so do not constitute "transportation" under the statute. *See Camp*, 553 F.3d at 504, 508 (holding that the defendant was not a "motor carrier" engaged in "transportation" despite that fact that it was hired to provide "logistics services" related to delivery of cargo, because the defendant contracted with a third party that controlled the truck and driver).[1] Similarly, the services Gamer provided to the owner of the cargo in this case do not constitute "services related to the movement" of the cargo, and so do not constitute "transportation" for purposes of the FMSCA.

---

[1] The claim in *Camp* was brought by the truck driver, not an injured third party, so "statutory liability" was not at issue. Nevertheless, the Seventh Circuit's explanation of the scope of defined terms in the FMCSA is relevant to the scope of "statutory liability."

In sum, because Gamer was not involved in "transportation," it cannot be a "motor carrier" who was "providing transportation" by the "use" of a truck it didn't own to "transport property under an arrangement with another party." 49 U.S.C. § 14102. And because only "motor carriers" who satisfy that definition can be considered "statutory employers," Gamer cannot be liable as a "statutory employer" in this case. To the extent Plaintiff cites district court cases that are to the contrary, *see* R. 271 at 13-14 (citing *Land O'Lakes, Inc. v. Superior Serv. Transp. of Wis., Inc.*, 500 F. Supp. 2d 1150, 1155 (E.D. Wis. 2007)), the Seventh Circuit's analysis in *Camp* controls.

Lastly, Plaintiffs make several policy-based arguments that the Court should reconsider its previous order. The Court rejects Plaintiffs' policy-based arguments as contrary to the plain text of the statutes and regulations for the reasons already explained.

Therefore, Plaintiffs' motion to reconsider [271] is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 6, 2026

6